*COURT'S COPY*

**IN THE UNITED STATES DISTRCT COURT
EASTERN DISTRICT OF VIRGINIA**

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983, 1985 & 1986.

MAR 13 2024

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Action Number 3:24cv186
(To be supplied by the Clerk
U.S. District Court)
w/ Jury Demand [FRCP 38(b)]

Please fill out this complaint form completely. The court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly of type.

**I.    PARTIES**

A.    Plaintiff:
   1.    (a). _LARRY EDWIN PATTERSON_    (b). _#1116462_
              (Name)                                              (Inmate number)
         (c). _VA DOC CENT. MAIL DISTRIB. CTR._
              (Address)
              _3521 Woods Way, State Farm-VA 23160_

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the /clerk informed of such change, this action may be dismissed.

B.    Defendant (s):

        Plaintiff is advised that only persons acting under color of state law are proper defendants under section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under section 1983. In addition, liabilities under section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens and sheriffs are not liable under section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and departments within an institution are not persons under section 1983.

   1.    (a) _GLENN YOUNGKIN_            (b) _(current) Governor of VA_
              (Name)                                        (Title/job description)

         (c) _Patrick Henry Office Bldg._
              (Address)
              _1111 E. Broad St., 3rd Fl., Richmond-VA 23219-1934_

page 1 of 26 pages of 42 U.S.C. § 1983 form

2.  (a) TERRANCE C. COLES          (b) Secretary of Public Safety
         (Name)                         & Homeland Security
                                        (Title/job description)

    (c) Patrick Henry Office Bldg.
              (Address)
         1111 E. Braod St., P.O. Box 1475, Richmond-VA 23218-1475

3.  (a) PATRICIA WEST              (b) Chairperson Virginia Parole Bd.
         (Name)                         (Title/job description)

    (c) Virginia Parole Board
              (Address)
         6900 Atmore Drive, Richmond-VA 23225

4.  (a) KNOWN and UNKNOWN PERSONS  (b) Virginia Officials/Agents

5.  ALL DEFENDANTS AS WARRANTED, ARE SUED
    INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

    Plaintiff MUST provide and address for defendant (s) in order for the court to
serve the complaint. If plaintiff does not provide and address for a defendant, that person
may be dismissed as a party to this action.

    In addition, plaintiff MUST provide a copy of the completed complaint and any
attachments for EACH defendant named.

## II.    PREVIOUS LAWSUITS

A.    Have you ever begun other lawsuits in any state or federal court relating to your
imprisonment? Yes [xx]    No [ ]

B.    If your answer to A is YES: You must describe any lawsuit, whether currently
pending or closed, in the space below. [If there is more than one lawsuit, you must
describe each lawsuit on another sheet of paper, using the same outline, and attach
hereto.]

    1.    Parties to previous lawsuit:
          Plaintiff(s) Larry Edwin Patterson

          Defendant(s) Governor of Virginia

    2.    Court [if federal court, name the district; if state court, name the
          county]: U.S. District Court for the Western District of VA
             Roanoke  - Division

        page 2 of 26 pages of 42 U.S.C. § 1983 form

3. Date lawsuit filed: _____

4. Docket number: ___7:08cv00284_____

5. Name of Judge to whom case was assigned:

    _The Honorable Jackson L. Kiser_____

6. Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]:    Dismissed  April 21, 2008
_____

## III  GRIEVANCE PROCEDURE

A. At what institution did the event concerning your current complaint take place?_____N/A_____

B. Does the institution listed in A have a grievance procedure?

    Yes [Xx    No [ ]

C. If your answer to B is YES:

    1. Did you file a grievance based on this complaint?

        Yes [ ]    No [XX

    2. If so, where and when:_____

    3. What was the result? _____
    _____

    4. Did you appeal? Yes [ ]    No [ ]

    5. Result of appeal: _____
    _____

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [ ]    No [Xx If you answered Yes: What steps did you take?_____

E. If your answer in NO, explain why you did not submit your complaint to the prison authorities. _Matters related to Virginia Parole Board denials_ _are not grievable under the VA DOC OP #866.1. I filed an appeal_ _directly to the Virginia Parole Board. An appeal is not the same_ _as a grievance._
_____

page 3 of 26 pages of 42 U.S.C. § 1983 form

## IV.    STATEMENT OF THE CLAIM

[State here as briefly as possible the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the names of any other persons involved, dates and places of events. You may cite constitutional amendments you allege were violated, but do not give any legal arguments or cite any cases or statutes.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. (Attach additional sheets if necessary.)

** NOTE:  The facts of my case are fully enumerated at pages 6 thru 26.

       see pages 6 thru 26 of attached sheets - plus review
       EXHIBTS #A, #B, #C, #D & #E . . attached to this Complaint

## V.   RELIEF

I understand that in a section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _LEP_ [please initial]

The plaintiff wants the Court to: [check those remedies you seek]

__XXX__  award money damages in the amount of $ _an amount to be later determined, p. 25._

__XXX__  grant injunctive relief by _see pages 24 thru 25 of attached sheets._

__XXX__  other _Declaratory judgment; jury trial on all issues triable by jury;_
        recovery of Plaintiff's cost in this suit; & additional relief
        this Court deems just, proper, and equitable . . . & other p. 24 - 25.

## VI.   PLACE OR INCARCERATION

Please list the institution at which you were incarcerated during the last six months. If you were transferred during this period, list the date (s) of transfer. Provide an address for each institution.

—— _DEERFIELD CORRECTIONAL CENTER, 21360 Deerfield Drive_

—— _Capron-Virginia 23829_

## VII.   CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE:   The parties are advised f their right, pursuant to 28 U.S.C. § 636 (c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

Do not consent to proceed before a U.S. Magistrate Judge? Yes [ ] No [ ]. You may consent at any time; however, any early consent in encouraged.

## VIII.   SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself of herself.

Signed this _1st_ day of _March_ , 2024 x2000.

Plaintiff _Larry Edwin Patterson, #1116462  PLAINTIFF_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
[ Richmond - Division ]

LARRY EDWIN PATTERSON, #1116462,

      Plaintiff,

vs.

                                          Civil Action No. _____

                                          w/ JURY DEMAND [FRCP 38]

GLENN YOUNGKIN, Governor of Virginia,

TERRANCE C. COLES, Secretary of Public Safety
                  & Homeland Security-Virginia,

PATRICIA WEST, Chairperson-Virginia Parole Board,

KNOWN and UNKNOWN PERSONS,

ALL DEFENDANTS AS WARRANTED, ARE SUED
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,

      Defendants.

## C O M P L A I N T

Comes now, Larry Edwin Patterson, #1116462, the 'Plaintiff,' proceeding pro se, a Virginia state parole release eligible Virginia Department of Corrections prisoner, brings this action under title 42 U.S.C. §§ 1983, 1985 & 1986, against Defendants and their successors and/or agents, for failures to prevent unlawful unconstitutional acts that have caused injury to Plaintiff. Complained of acts are: violations of freedom of speech (USCA 1st); violations of cruel & unusual punishment (USCA 8th); violations of invidious-discrimination (USCA 14th); violations of substantive due process (USCA 14th); violations of due process (USCA 14th); and, violations of equal protection of the law (USCA 14th).

## I.    JURISDICTION & VENUE

1.    This is a civil action authorized by 42 U.S.C. §§ 1983, 1985 & 1986 to redress the deprivation(s), under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. §§ 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.    The Eastern District of Virginia, is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II.    PLAINTIFF

3.    Plaintiff Larry Edwin Patterson, #1116462, is at all times, was/is in the custody of the Virginia Department of Corrections. Plaintiff is a Black male state prisoner, with an indigent socio-economic status, who entered into the custody of the Virginia Department of Corrections in 1992. Petitioner is parole release eligible and has held this status since August 16, 2000.

## III.    DEFENDANTS

4.    Defendant Glenn Youngkin, is the current Governor of Virginia. As such he is legally responsible for any/all policy and procedure implementation/decisions that result from such, for both the Virginia Department of Corrections and the Virginia Parole Board. In accordance with Va. Code Ann. § 2.2-200, all Secretaries of the Virginia Governor, who may supervise the Virginia Department of Corrections and Virginia Parole Board - § 2.2-200 a.  . . . Each Secretary shall hold office at the pleasure of the Governor; b. . . . Each Secreatary shall be subject to direction and supervision by the Governor . . .

page 7 of 26 pages of 42 U.S.C. § 1983 form

5.      Defendant Terrance C. Coles, is the current Secretary of Public Safety and Homeland Security for Virginia. He is legally responsible for the operation and supervision of both the Virginia Department of Corrections and Virginia Parole Board. Defendant Coles is a successor in the office of Secretary of Public Safety and Homeland Security and continues to carry-out/support all policies/procedures/ regulatory-events that Plaintiff complains of herein.

6.      Defendant Patricia West, is the current Chairperson for the Virginia Parole Board. She is legally responsible for the direct operation and supervision of Virginia's Parole Board. Defendant West is a successor in the office of Chairperson of the Virginia Parole Board and continues to carry-out/support all policies/ procedures/regulatory-events that Plaintiff complains of herein.

7.      Defendants KNOWN and UNKNOWN PERSONS, are employees/agents that work for Virginia Department of Corrections and/or Virginia Parole Board. Some KNOWN and UNKNOWN PERSONS are career employees who hold positions as successors by employee-ment. There are other KNOWN and UNKNOWN PERSONS who are simply career employees who serve/support whomever Directs/Supervises either agency.

8.      Each Defendant named and unnamed, is sued individually and in his/her official capacity(s). At all times mentioned in this complaint, each Defendant acted under the color of state law.   [*NOTE: Fed. R. Civ. P. 25(d) automatic  substitution when Def. leaves office]

## IV.    INTRODUCTION

9.      Patterson is the sole Plaintiff in this matter, and was in the custody of the Virginia Department of Corrections through-out all events/occurrences complain-ed of in this action.

10.     The Defendants are responsible for the method they employ in legitimizing/ carry-out Virginia state laws. Through Defendants' commitments they can choose to either purify the law or turn the law into a ravaging sickle that completely

eviscerates compassion/reasoning. Defendants collectively have chosen the sickle to execute an invidious revenge/retaliation against Plaintiff. Revenge/retaliation, because Plaintiff has dared to litigate/challenge his state government who has held him imprisoned for the last 32+ years.

11.    Due to the brazen deliberate illegal actions/inactions, carried-out as either 'unofficial-policy(s)' and/or 'official policy(s)' the complaining party should be civilization (or at least Virginia Tax-payers). Unfortunately, the public at large, has a very limited preview/knowledge of the egregious malfeasance used as a curriculum to implement arbitrary/capricious/disparitious decisions unfavorably for Plaintiff, who is in the lower economic social strata.

12.    Defendants' actions/inactions are unconstitutional by expressly violating Plaintiff's substantive due process entitlements in direct contravention of the methods employed, by the same Defendants', to carry-out statutory required processes, resulting in parole grants for a multiple of parole candidates with far worst overall profiles than that of Plaintiff.

13.    From feedback from Defendants' agents/employees, it is apparent that Defendants' have deluded themselves into presupposing that violating Plaintiff's constitutional rights, has no more significance than punning a wild hedge or using a finger to ruffly scrawl 'wash me' on the back window of a dusty car.

14.    Plaintiff brings forth this complaint as a means to overcome the unlawful consensus and actions by Defendants who continue to effecttuate licentious conducts which violate Plaintiff's constitutional protections/rights/entitlements.

## V.    FIRST CAUSE OF ACTION

15.    Violating Plaintiff's substantive Due Process [14th Amend. of U.S. Constitution] when Defendants' deliberately prevented Plaintiff of 'benefit' from approxi-

mately 21.5 years of earned & worked for good-time credits (under Va. Code Ann. §§ 53.1-199 & 53.1-201(1)). Plaintiff has a protected state created liberty interest in benefiting from good-time credits. Virginia prisoners, with determinate prison terms, must be able to benefit from all earned & worked for good-time credits. Plaintiff suffers an injury from the state's constitutional duty, which has always been the Virginia legislative intent, to benefit from all his good-time credits. Eighth Amendment violation and Fourteenth Amendment violation of the U.S. Constitution [8th Amend. Const. & 14th Amend. Const.].

## VI.    SECOND CAUSE OF ACTION

16.    Violating Plaintiff's right of freedom of speech in petitioning the government for redress of grievances/Court-litigation(s). Defendants' agents/employees expressed that Defendants are retaliating against Plaintiff, due to an 'unofficial classification' in Plaintiff's prison/parole file, marking Plaintiff as a "jailhouse" lawyer. Defendant cause injury to Plaintiff by measures that are/were retaliatory " . . . to deter a person of ordinary firmness from exercising a constitutionally protected activity."

17.    Part of the implemented retaliation is/was to deprive Plaintiff of any opportunity to win release on parole. First Amendment violation and Eighth Amendment violation of the U.S. Constitution [1st Amend. Const. & 8th Amend. Const.].

## VII.    THIRD CAUSE OF ACTION

18.    Violating Plaintiff's right to have parole decision(s) free from arbitrary/capricious/disparitious/'unofficial-policy(s)'/pre-disposed findings. Plaintiff has been injured by the forementioned conducts supported/known by Defendants. While Plaintiff has no constitutional right to be granted parole, Plaintiff has an absolute constitutional right to substantive Due Process, Fundamental-Fairness and

Equal-Protection-of-the-Law, even with state parole reviews/decisions.

19.    Between August 16, 2000 - to date (period that Plaintiff has been designated to be parole release eligible by VA DOC Ct. & Legal •1993), the Virginia Parole Board, under both the knowledge/supervision of Defendants, has granted parole to Virginia parole eligible prisoners, men/women, with obviously far worst overall profiles [see EXHIBIT #B] than the current profile of Plaintiff.

20.    Plaintiff has suffered an injury and has his constitutional rights abridged intentionally/deliberately by Defendants' actions/inactions. These actions/inactions by Defendants' and their agents/employees are, a continuous end run around the legislature intent of granting parole release for persons such as Plaintiff, sentenced in 1992. All relevant Virginia statutory factors validate Plaintiff should have been granted parole, especially since Plaintiff has been 'suitable' for over a decade.

21.    Plaintiff's Eighth Amendment and Fourteenth Amendment entitlements under the U.S. Constitution [8th Amend. Const. & 14th Amend. Const.] have been violated.

## VIII.    FOURTH CAUSE OF ACTION

22.    Violating Plaintiff's right under Due Process, through 'differential-treatment' of 'Legal-Mail' delivery. This 'differential-treatment' is due to conditions of confinement, through no-fault of Plaintiff's which caused a protraction in normal U.S. Mail delivery, extra 5 - 15 days in receiving Court "Legal-Mail."

23.    Plaintiff is entitled to the same process of U.S. Mail delivery and/or timely delivery of Court ORDERS/messages as any citizen. This undue/unwarranted delay in receiving communications from the Courts, is only implemented to deter/inconvenience Plaintiff's 'meaningful access to the Courts.' Fourteenth Amendment violation of the U.S. Constitution [14th Amend. Const.].

## IX.    FACTS OF THE COMPLAINT

24.    At all times relevant to this case, Plaintiff-Larry Edwin Patterson, #1116462, was housed within the Virginia Department of Corrections, serving a parole release eligible prison term since 1992. Plaintiff started his prison term in the Richmond -VA City Jail September of 1991. Plaintiff entered the Virginia Department of Corrections August of 1992. Plaintiff has served 32+ years, approximately 88%+ of his current prison term (as calculated by VA DOC Court & Legal [2023]).

25.    On January 11, 2024, Plaintiff was denied a parole grant for the 23rd+ time. Once again, Defendants base denial of parole on 'unchangeable' reason(s). Namely for

1/11/2024 NOT GRANT parole:  i./ Serious nature and circumstances of your offense(s); ii./ The Board concludes that you should serve more of your sentence prior to release on parole;    iii./ Release at this time would diminish seriousness of crime.

26.    Defendants and/or their agents lack "some evidence" to support/prove future dangerousness of Plaintiff. In fact ALL relevant factors, including current Correctional staff reports, and annual psychological COMPASS Testing, support that Plaintiff has been and is still 'suitable' for parole release.

27.    2009 - to date yearly VA DOC psychological COMPASS Testing results for Plaintiff's case/profile are: LOW Risk of Recidivism & LOW Risk of Violent Recidivism.

27.    Ironically, Defendants sanction parole grants [see EXHIBIT #B] to an abundant amount of Virginia Parole eligible prisoners with far far worst profiles than that of Plaintiff [see EXHIBIT #B]. Worst profiles being a full or partial combination of: worst criminal histories (current offenses & recidivism) - worst prison records - - psychological findings of most HIGH Risk and some MEDIUM Risk - far less percentage of prison term served - 4 to 7 parole release violations - etc.

28.    Example, parole granted for a White Male, who was/is an 'AB' serving Life+ prison term, following him raping two (2) fellow prisoners, while awaiting the

granting of parole in Virginia. Defendants have turned a 'blind-eye' to the apparent dangerousness of many prisoners, who have been granted parole release during the time frame, August 16, 2000 - to date, that Plaintiff has remained eligible for a parole grant. Defendants actions/inactions amount to purposeful discrimination in violating Plaintiff's entitlements to substantive Due Process.

29.    Defendants and/or their agents admit to being pre-disposed to deny Plaintiff any opportunity to win parole release. Plaintiff was first advised of this fact in 1991, and the last time was by the Virginia Parole Board's Executive Secretary in 2017. Reasoning for Defendants being opposed to granting Plaintiff parole, is due primarily to a classification as an 'unofficial policy(s)' of Plaintiff's label as a "Jailhouse Lawyer," and the guise of convictions of violent offense(s).

30.    Plaintiff as a "Jailhouse Lawyer" has implemented both successful grievances and Court litigation against his government, such as:   i./ filing VA prison grievances (VA DOC OP #866.1), a few grievances were successfully FOUNDED grievances by Defendants' agents;  ii./ filing multiple litigation actions into Virginia state & Federal Courts [Va. Code Ann. §§ 8.01-428(D) & 8.01-654; 28 U.S.C. § 2254(d); 42 U.S.C. §§ 1983, 1985 & 1986s' (**Notably: § 1983 action against the Virginia Parole Board, U.S. Dist. Court Western Dist. VA, Roanoke-Div., w/jury trial in 1989, for which Plaintiff herein prevailed).

31.    Defendants seek to deter Plaintiff from exercising a constitutionally protected activity of filing grievances/Court-litigating, by targeting Plaintiff for invidious-purposeful discrimination by the very actions/inactions to withhold Plaintiff a parole grant  [see EXHIBIT #B & #C]. Plaintiff has been detered from filing(s).

32.    Defendants and/or their agents/employees, have refused to permit Plaintiff to 'benefit' from approximately 21.5 years of earned & worked for good-time credits. Defendants' acknowledged in -Patterson v. Dotson, et al, Sup. Court of VA [Record No.

230671] within the "Motion To Dismiss" filed by Defendants, by counsel, that Plaintiff had amassed the amount of good-time credits, as he delineated. However, these good-time credits have never 'benefited' 'Petitioner'/Plaintiff.

33.    Under Va. Code Ann. §§ 53.1-199 & 53.1-201(1), Plaintiff was mandated to surrender "One-Half" of all his earned & worked for good-time credits, to reduce the period of time he will have to serve in prison before becoming parole eligible. The legislative intent of the state statute requiring "One-Half," was/is for Plaintiff to be granted 'early-parole.' Early parole period for Plaintiff, according to Defendants' UNIFORM COMMITMENT REPORT 9/27/1993, was sometime between August 16, 2000 - 2004. Defendants have/are obviously withholding a parole grant for Plaintiff, who by § 53.1-201(1) is classified statutorily as an "Exemplary" state prisoner.

34.    Defendants implemented an "official-policy" on July 1, 2022, that requires ALL correspondence from Courts and other Court entities, corresponding with VA DOC prisoners, to forward Court U.S. Mail deliveries to a "VA DOC CENTRALIZED MAIL DISTRIBUTION CENTER." This intentionally protracts U.S. Mail delveries to Plaintiff from 5 - 15 days.

35.    Plaintiff's Due Process rights are abridged by this onus process, in having 'time-sensitve' Court ORDERS/Instructions/Show-Cause(s) unduly delayed in acknowledgement by movant/receiptant Plaintiff. Due to his conditions of confinement, Plaintiff should be free from additional 'burdens' beyond those for which he creates himself, while in prison.

36.    Plaintiff is entitled to the very same process (Due Process) of timely U.S. Mail delivery, especially Court correspondences, as any citizen in Virginia. This process implemented by Defendants and/or their agents, is designed to simply 'delay justice' and in some instances 'deny justice' for Plaintiff through no fault of his own.

## X.    LEGAL CLAIMS FOR WHICH RELIEF CAN BE GRANTED

37.    Plaintiff now sets forth " . . . short and plain statement(s)" of his claims showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2).

38.    Virginia's Governor has prohibited the Office of the Inspector General from investigating complaints of potential malfeasance/under-performances by the Virginia Parole Board (see <u>Morschetti v. Office of the Inspector General</u>, 2022 U.S. Dist. LEXIS 144143 & 2024 U.S. Dist. LEXIS 13139). Plaintiff has been 'blocked' from lodging any effective inquiry/complaint concerning the Virginia Parole Board with the Office of the Inspector General-VA. Had this avenue been available, as ALL other states permit, Plaintiff may have been able to resolve some of his complaints, before filing this action against Defendants.

39.    In '<u>First Cause of Action</u>': Defendants collectively have not permitted Plaintiff to 'benefit' from approximately 21.5 years of earned & worked for good-time credits. Under Va. Code Ann. §§ 53.1-199 & 53.1-201, Plaintiff has an approximately 43 years of earned & worked for good-time credits. § 53.1-199 provides that "One-half" of Plaintiff's earned & worked for good-time credits will be used to " . . . reduce the period" served before becoming eligible for parole. The other half, as § 53.1-201 provides, reduces the period of the sentence towards mandatory release.

40.    Defendants have permitted other Virginia state parole eligible prisoners with determinant prison terms to FULLY 'benefit' from their earned & worked for good-time credits. These 'benefits' are:  i./ . . . being granted early-parole - before § 53.1-151 caused parole eligibility;  ii./ . . . reducing the period to serve in prison before reaching mandatory release. Attainable 8th Amend. violation.

41.    Plaintiff has a determinant parole eligible state prison term. Defendants in incorrectly applying provisions under § 53.1-199, caused Plaintiff's parole eligibility to be August 16, 2000 (see EXHIBIT #A - UNIFORM COMMITMENT REPORT 9/27/1993).

Therefore, by Defendants' agents/employee calculations, Plaintiff's 'benefit' would be between August 16, 2000 - 2004 for being granted early-parole release.

42.    Defendants have denied Plaintiff substantive due process in violation of the United States Constitution's Fourteenth Amendment. Defendants' under state statutory construction, created a protected liberty interest for Plaintiff in earning/receiving/applying good-time credits. Plaintiff unlike (see EXHIBIT # B) has not FULLY 'benefited' from his earned & worked for good-time credits, as the Virginia state legislative intent of 1992 (1992 when Plaintiff was sentence by the state criminal Court to his parole eligible prison term). Plaintiff is injured.

43.    Virginia United States District Courts' found in Brown-El v. Virginia Parole Board, 948 F. Supp 558 (E.D. Va. 1996); Cain v. Clarke, 2017 U.S. Dist. LEXIS 142246; and Brown v. Brown, 2020 U.S. Dist. LEXIS 48639; that Virginia parole eligible prisoners, with determinant prison terms, such as Plaintiff herein, must 'benefit' from their earned & worked for good-time credits, as the legislature intended.

44.    In 'Second Cause of Action': Defendants collectively caused Plaintiff to suffer an injury as an adverse consequence flowing from a constitutionally protected action/exercise undertaken by Plaintiff. This retaliation inflicted by Defendants and/or their agents/employees was implemented to " . . . deter a person of ordinary firmness from exercising a constitutionally protected activity."

45.    Defendants have labeled Plaintiff as a "Jailhouse Lawyer" and implement differential-treatment by intentionally withholding a parole grant for Plaintiff, regardless of his apparent 'suitability.' Plaintiff proffers evidence of Virginia prisoners who have been granted parole with far worst overall profiles, that prove they are far far more dangerous than Plaintiff. Attainable 8th Amend. violation.

46.    In Sandin v. Connor, 515 U.S. 472, 115 S Ct. 2293, 132 L Ed. 2d 418 (1995), a requirement of elements are needed to support Plaintiff's retaliation claim. They

are: i./ the plaintiff engaged in a protected conduct [Plaintiff herein engaged in utilizing the prison's grievance procedure VA DOC OP #866.1; and, engaged in utilizing both the state (VA) Courts and the Federal Court to litigate - Va. Code Ann. §§ 8.01-428(D) & 8.01-654; 28 U.S.C. § 2254(d); 42 U.S.C. §§ 1983, 1985 & 1986s']; ii./ an adverse action was taken against the plaintiff that would deter a person of ordinary fitness from continuing to engage in that conduct [Plaintiff was advised by Defendants' agents–admit being pre-disposed to deny Plaintiff any opportunity to win parole release]; and, iii./ there is a causal connection be-tween the adverse action and the protected conduct [Defendants' agents admit to a pre-disposition to deny Plaintiff any opportunity to win parole, and Defendants' grant parole to multiples of Virginia prisoners with far worst overall profiles > see EXHIBIT #B< ].

47.    Plaintiff herein proffers non-conclusory facts, supported by an Exhibit, that creates the question of either Defendants: a) repeatedly deny Plaintiff parole, when you review material evidence of other Virginia prisoners that have been grant-ed parole with far worst overall profiled, as a means of retaliation. . . and/or b) repeatedly deny Plaintiff parole, when you review material evidence of other Virginia prisoners with far worst overall profiles, due to Defendants intentional arbitrary/capricious/dispartious decision making processes on parole grants > see EXHIBIT # B < ].

48.    The harm Plaintiff continues to suffer, is adverse consequences which flow from his engagement in a constitutionally protected action(s), as stated at #46. (see Hoye v. Gilmore, 691 Fed Appx 764 (USCA4th 2017). First Amendment right viola-tion of Plaintiff's entitlement to engage in a constitutionally protected activity. Plaintiff has been harmed by Defendants' actions/inactions invidious retaliation.

49.    In 'Third Cause of Action': Defendants collectively have 'turned a "blind-eye"' to granting parole in an arbitrary/capricious/disparitious methods. Again Plaintiff provides a proffer of proof, which Defendants have yet to dispute, demonstrating (see EXHIBIT #B) concrete evidence of Defendants' licentious actions/inactions in the granting of parole.

50.    Plaintiff's claims unlike most filings that have no material evidence to support facts of arbitrary/capricious/disparitious decisions on the granting of state parole in Virginia, clearly provide merit to this complaint. Once this matter proceeds and this Court permits/approves 'discovery,' Plaintiff will be able to provide even a more comprehensive/extensive manifest of the unconstitutional violations of the Due Process Clause (Equal Protection & Substantive Due Process) of the United States Constitution, by Defendants.

51.    However, with even the small amount of evidence that Plaintiff has presented thus far, it should be utterly impossible for any Court to ignore the deliberate indifference that Defendants purposefully set forth against Plaintiff herein. Plaintiff has made a showing of a deliberate denial of a constitutional right(s). With the evidence that Plaintiff has proffered, the showing now has become substantial. (see Miller-El v. Cockrell, 537 U.S. 322, 123 S Ct. 1029, 154 L Ed 2d 431 (2003)).

52.    In the evidence that Plaintiff offers, evidence demonstrates that at least four of the parole eligible prisoners, that Defendants' granted parole for have heinous offense convictions while in prison, awaiting a parole decision.

52.    Plaintiff has demonstrated remorse/muturity/ALL-program-completions/job-trainings, and scored yearly since 2009 on the VA DOC COMPASS Psychological profile test - LOW Risk of Recidivism & LOW Risk of Violent Recidivism. These progressive demonstrations are devoid in the majority of those listed, especially when it come to their degree of future 'dangerousness.' (see EXHIBIT #B ).

53.    In 'Fourth Cause of Action': Defendants' collectively devised a plan/operation to circumvent Virginia Department of Corrections prisoners' U.S. Mail delivery(s). This plan/operation includes undue delays/protractions on prisoners receiving U.S. Mail delivery(s) from the Courts. This undue delay/protraction of Court mail delivery is implemented no matter how 'time sensitive' the Court correspondence may be.

54.    Plaintiff complains since through no-fault of his own should any of his Court mail delivery be delayed. The unwarranted delay can be anywhere from 5 - 15 days in addition  to the 3 - 5 day normal U.S. Mail deliberies. Total as much as 20 days in Mail delivery of Court correspondences. Additionally, there are a few rare cases where Court U.S. Mail delivery has taken 4+ weeks.

55.    Defendants currently require all incoming Court mail to be routed to: VA DOC CENTRALIZED MAIL DISTRIBUTION CENTER, 3521 Woods Way, State Farm-Virginia 23160. Even this Court will be required to forward ALL correspondences to Plaintiff to the forementioned address. [see EXHIBIT #D]

56.    Plaintiff filed a complaint/grievance with the Virginia Department of Corrections regarding this matter (see VA DOC Grievance No. DOC-23-REG-00292 - VA DOC Operating Procedure #803.4). Plaintiff's grievance was denied. Basically, the VA DOC found that it was a whole lot easier for them to inconvenience 95%+ of the entire prison population, rather than punish the less than 5%- that may try an utilize the mail process for contraband avenues.  [see EXHIBIT #E]

57.    Plaintiff has a due process entitlement to have as timely delivery of his Court mail, as anyone in America, citizen or prisoner, to receive their Court mail without added delays/protractions created by a state agency. Prisoners/Plaintiff have a constitutional right to both 'access' to the Courts, and 'meaningful access' to the Courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S Ct. 1491, 52 L Ed 2d 72 (1977). This matter becomes a First and Fourteenth Amendment violation of Plaintiff's

entitlements.

58.    In Outlaw v. Jones, 2012 US Dist. LEXIS 90795 the Court held that there is/was " A lower level of scrutiny applies to policies of incoming mail." Plaintiff's complaint herein does not concern one (1) isolated incident, but concerns a regular method of intentionally withholding prisoners' incoming Court correspondence(s) for 5 - 15 days in addition to the 3 - 5 day normal U.S. Mail delivery time frame(s). This now becomes a First Amendment violation since the VA DOC can prove no legitimate security interest in Court mail be intentionally delayed in delivery(s). Altizer v. Deeds, 191 F3d 540, 548 (4th Cir. 1999).

59.    There is no penological interest that can be created in intentionally delaying U.S. Mail delivery of Court - easily verifiable mail. Unlike other legal mail, Court correspondences normally have both the Court's return address, and U.S. Post-Office stamp to denote what area the Court mail origin. Additionally, as the Court is aware, VA DOC has plenty of personnel that could easily scrutinize what may amount to 15- U.S. Mail incoming Court correspondences per day per 800+ prisoners.


## XI.    DEFENDANTS' UNCONSTITUTIONAL ACTIONS

60.    Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S Ct. 1937, 173 L Ed. 2d 868 (2009); see Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691-92 S Ct. 2018, 56 L Ed. 2d 611 (1978); Wright v. Collins, 766 F2d 841, 850 (4th Cir. 1985), provides that Plaintiff herein must also provide each Defendant through their own individual actions/inactions has violated the Constitution.

61.    Additionally, this Court is fully aware that the standard used to evaluate the sufficiency of Plaintiff's pleadings is flexible, and a pro se Plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards

than formal pleading drafted by professional lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S Ct. 2197, 167 L Ed. 2d 1081 (2007)(per curiam)(quotation omitted).

62.    Plaintiff's pleading herein contains far more than " . . . labels and conclusions," see <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S Ct. 1955, 167 L Ed. 2d 929 (2007); <u>Giarrantano v. Johnson</u>, 521 F3d 298, 304 n.5 (4th Cir. 2008).

63.    Va. Code Ann. § 2.2-200 provides that both Defendant Glenn Youngkin (Governor of Virginia) and Defendant Terrance C. Coles (Secretary of Public Safety & Homeland Security-VA) are committed under state law(s) to always having direct or indirect knowledge of actions/inactions of all policies/unofficial-policies/procedures/regulations implemented and carried-out by ALL state agencies. This is especially true when it comes to Virginia Parole Board decisions to grant or not grant parole for Plaintiff.

64.    Defendant Patricia West (Chair-Virginia Parole Board) complies with an 'unofficial-directive' sanctioned by both Defendants Youngkin and Coles, to continue being pre-disposed to deny Plaintiff a parole grant, no matter how statutorily "suitable (§ 53.1-136)" for parole Plaintiff is.

65.    Defendant West is fully aware of the arbitrary/capricious/disparitious continuing past/present unconstitutional practices of awarding state parole grants to persons far less "suitable" than other more "suitable" parole candidates.

66.    Defendants Youngkin and Coles are also more than fully aware of the arbitrary/capricious/disparitiour continuing past/present unconstitutional practices of awarding parole grants to persons far less "suitable" than other more "suitable parole candidates.

67.    Defendants Youngkin, Coles, West and KNOWN & UNKNOWN PERSONS all act under color of state law, at all time pertinent for this <u>complaint</u> filed by Plaintiff. (see <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S Ct. 2250, 101 L Ed. 2d 40 (1988); <u>Phillips</u>

v. Pitt Cnty. Mem'l Hosp., 572 F3d 176, 180 (4th Cir. 2009).

68.    Defendants Youngkin, Coles, West and KNOWN & UNKNOWN PERSONS all individ-
ually have demonstrated a direct deliberate indifference (All Def.s' Offices have
been contacted regarding Plaintiff's complaints), with each Defendant having
knowledge that increased harm/injury will result to Plaintiff, by being physically
and emotionally impacted negatively, by the wanton manner for which each Defendant
fails to instruct/correct, the unconstitutional preclusion of full 'benefits' for
Plaintiff's earned & worked for good-time credits (§§ 53.1-199 & 53.1-201 - state
statutory created liberty interest), authorized by Virginia's legislature EXHIBIT #A.

69.    Defendants Youngkin, Coles, West and KNOWN & UNKNOWN PERSONS all individ-
ually have demonstrated a direct deliberate indifference (All Def.s' Offices have
been constacted regarding Plaintiff's complaints), with each Defendant having know-
ledge that increased harm/injury will result to Plaintiff, by being physically and
emotionally impacted negatively, by the wanton manner for which each Defendant fails
to instruct/correct, the unconstitutional arbitrary/capricious/disparitious decision
development, as implemented by the Virginia Parole Board when arriving at decisions
to grant parole. [see EXHIBIT #B]

70.    Defendants Youngkin, Coles, West and KNOWN & UNKNOWN PERSONS all individ-
ually have demonstrated a deliberate indifference (All Def.s' Offices have been
contacted regarding Plaintiff's complaints of questionable/ongoing parole denials),
with each Defendant having knowledge of the increasing harm/injury resulting to
Plaintiff, by being physically and emotionally scared/impacted negatively, by the
blazen/wanton manner for which each Defendant fails to instruct/correct, the uncon-
stitutional directive of an 'unofficial-policy' to preclude Plaintiff from a state
of Virginia parole grant.

71.    Defendants Youngkin, Coles, and KNOWN & UNKNOWN PERSONS collectively approve

a procedure that has resulted in delaying the delivery of U.S. Mail from the Courts. This procedure is not governed by any state or Federal statute. Defendants did not first seek approval from the Virginia General Assembly, nor consult at least with the Office of the Virginia Attorney General. Plaintiff complains due to the fact that it is well known that the Virginia Department of Corrections has the resources at each prison, to fully/carefully inspect <u>all</u> incoming Court correspondences, and curtail the current Court delay of an extra 5 - 15 days (sometimes as much as 4+ weeks), to a minimum of maybe an extra day.

72.    These decisions are clearly 'rash' and have no impact on Defendants. However, the impact on Plaintiff and other Virginia prisoners creates undue burdens, and is designed to cause untimeliness in receiving redress/justice. This is a clear due process violation of the United States Constitution at the Fourteenth Amendment. Plaintiff is entitled to "meaningful" access to the Courts, and the very same access is guaranteed that any regular non-incarcerated citizen may have. Unless the Movant/Respondent had/has implemented something themselves/personally to warrant some phase of 'censure.' Violation of Plaintiff's due process by unwarranted mail delays.

73.    Under Virginia statute [Va. Code Ann. § 2.2-200] starting with Defendant Youngkin (Governor of Virginia), all decisions/actions/inactions/procedures/policies/regulations are supervised and either accepted/declined collectively by all Defendants, who act under color of state law. Additionally, Plaintiff's family has made contact with each named Defendants' office, and Plaintiff's family has made contact with some KNOWN PERSONS. These contacts by Plaintiff's family members, proffered complaints about differential-treatments of Plaintiff by Defendants and Defendants' agents/employees accordingly.

74.    Plaintiff has made every effort to set forth the requisite 'claims' and reasons why he/Plaintiff is entitled to relief from Defendants' violations of his con-

stitutional entitlements, as guaranteed under the First (1st), Eighth (8th) and Fourteenth (14th) Amendments of the United States Constitution. [Fed. R. Civ. P. 8(a)(2)].

## XII.    PRAYER    FOR    RELIEF

WHEREFORE, Plaintiff respectfully pray that this Honorable Court will enter the following judgment(s):

75.    Granting Plaintiff Patterson a declaration that the acts and omissions described herein violate Plaintiff's entitlements under the Constitution and laws of the United States, and

76.    Issue a preliminary and permanent injunction Order Defendant Coles, West and KNOWN & UNKNOWN PERSONS to provide Plaintiff Patterson with full benefits of all his earned & worked for good-time credits, as Va. Code Ann. §§ 53.1-199 & 53.1-201 provide, under the 1992 Virginia legislative intent of these statutes.

77.    Issue a preliminary and permanent injunction Ordering Defendants Youngkin, Coles, West and KNOWN & UNKNOWN PERSONS to cease their use/enforcement of alterations/changes in the Virginia Parole Board policies and/or 'unofficial-policies' post-1992, that are retrospective and more onerous than the policies/procedures in effect on the date of Plaintiff offense(s) and/or offense(s) conviction.

78.    Issue a preliminary and permanent injunction Ordering Defendants Youngkin, Coles, West and KNOWN & UNKNOWN PERSONS to cease their use/enforcement of all alterations/Amendments in Virginia statutory laws concerning parole and good time credits post-1992, that are retrospective and more onerous as implemented with additional policies/procedures/reviews/added-investigations than the forementioned in effect on the date of Plaintiff's offense(s) and/or offense(s) conviction.

79.   Issue a preliminary and permanent injunction Ordering Defendants Coles and KNOWN & UNKNOWN PERSONS to cease their use/enforcement of sectional VA DOC policy mandating all incoming official Court correspondences, be directed to a location for which Plaintiff is not located/housed/incarcerated, causing incoming prepaid U.S. Mail delivery(s) of official Court correspondences to suffer undue delay in reaching Plaintiff for an additional 5 - 15 days, in addition to the 3 - 5 day normal U.S. Mail delivery(s).

80.   Plaintiff Patterson seeks compensatory damages, in an amount to be later determined, and based on a demonstration of the degree of actual injury(s)/harm(s) suffered, against each Defendant, jointly and severally.

81.   Plaintiff Patterson seeks nominal damages and punitive damages in an amount to be later determined, and based on a demonstration of the degree of actual injury(s)/harm(s), and the continuing time frames of suffering, against each Defendant, jointly and severally.

82.   Plaintiff Patterson also seeks a jury trial on all issues triable by a jury.

83.   Plaintiff Patterson also seeks recovery of the cost in this suit, and any additional relief this Court may deem just, proper and equitable.

Dated: __March 1st,__ 2024

Respectfully submitted,

Larry Edwin Patterson, #1116462
PLAINTIFF
Deerfield Correctional Center
VA DOC CENT. MAIL DISTRIB. CTR.
3521 Woods Way
State Farm, Virginia 23160

VERIFICATION:

I have read the foregoing complaint and hereby verify that the matters asserted

herein/therein are true, except as to matters alleged on information and belief, and, as to those, I the Plaintiff, believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Capron-Virginia on _March 1st,_____ , 2024

_____
Larry Edwin Patterson, #1116462

page 26 of 26 pages of 42 U.S.C. § 1983 form