IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LARRY EDWIN PATTERSON,**

Plaintiff,

v.                                                                    Civil Action No. **3:24CV186**

**GLENN YOUNGKIN, *et al.*,**

Defendants.

**MEMORANDUM OPINION**

Larry Edwin Patterson, a Virginia state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 challenging his denial of discretionary parole.[1]  By Memorandum Opinion and Order entered on December 1, 2025, the Court granted summary judgment for the remaining defendant, Patricia West, and dismissed the action.  (ECF Nos. 63, 64.)[2] *Patterson v. Youngkin*, No. 3:24CV186, 2025 WL 3443464, at *10 (E.D. Va. Dec. 1, 2025).  On December 29, 2025, the Court received a "MOTION FOR RECONSIDERATION & OBJECTIONS" from Patterson.  (ECF No. 66.)  The Court construes this motion as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion.").  *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (stating that filings made within

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from Patterson's submissions.

[2] Patterson set forth four claims in his Complaint.  (ECF No. 1, at 10–11.)  By Memorandum Opinion and Order entered on October 2, 2024, the Court dismissed Claims One, Three, and Four for failure to state a claim for relief and as frivolous.  (ECF No. 11, at 16.)  The Court dismissed Claim Two against defendants Youngkin, Coles, and Known and Unknown Persons for failure to state a claim.  (*Id.*)  The Court explained that only Claim Two against Defendant West survived the Court's screening obligations under 28 U.S.C. § 1915(e)(2).

the proper number of days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (first citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); and then *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Patterson does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. The Court, however, construes Patterson to argue that the Court should grant his Rule 59(e) Motion to correct a clear error of law or prevent manifest injustice.

The gist of Patterson's rambling Rule 59(e) Motion is that the Court protected defendant West and failed to give Patterson's claims a fair review. Patterson's exact arguments are difficult to discern. Patterson first contends that the Court "utilized Defendant's 'hearsay' evidence to support granting 'summary judgment,' while there still remains genuine issues of material fact to be resolved." (ECF No. 66, at 2.) Patterson contends that defendant West is responsible for all parole candidates even if they were paroled before her tenure began in 2023, and that "when the Court in the Memorandum Order explains that Defendant West is not responsible, or did not grant many of the persons Plaintiff used as examples for being wors[e] offenders than himself, the Court was blowing 'smoke' at Plaintiff, because Plaintiff is a layman that should have had counsel appointed during this matter." (*Id.* at 3.) Patterson insists that the Court "misclassif[ied]" his

2

pleadings to hold defendant West liable only after 2023. (*Id.* at 4.) The Court fails to discern how this is "hearsay" evidence, what exactly Patterson believes is a genuine issue of material fact, or why Patterson believes that the Court misclassified his pleadings. The Court concluded that Patterson failed to demonstrate that Defendant West retaliated against him by denying him parole for being an alleged jailhouse lawyer. *Patterson*, 2025 WL 3443464, at *8–9. The Court determined that any juror would find that

> Patterson was denied parole for obvious, legitimate reasons, including: the horrific nature of his criminal offenses; the need for Patterson to serve more of his sentence; that release would diminish the serious nature of his crimes; his extensive criminal record; his prior failure and new convictions while on parole demonstrated that he was unlikely to comply with conditions of release; his history of violence; and poor institutional adjustment.

*Id.* (citation omitted). Patterson fails to show any clear error of law in this conclusion or that the action should be reopened to prevent a manifest injustice.

Patterson next contends that the grant of summary judgment was improper because it only used Defendant West's evidence as opposed to "all the evidence that Defendant amassed." (ECF No. 66, at 3.) Patterson contends the Court's review was based on a "one-sided narrative from Defendant." (*Id.* at 6.) However, the Court very clearly explained that much of what Patterson submitted as "evidence" was not admissible evidence. Patterson included an unsworn complaint that was not admissible evidence and a declaration that was "comprised of argument, and include[d] information that ha[d] no bearing on the remaining claim," and also included "statements that are based on hearsay; are conclusory, speculative, and immaterial; and are of no value in assessing the propriety of summary judgment." *Patterson*, 2025 WL 3443464, *3 n.4 & n.5. Patterson fails to show any error of the Court, much less that the Rule 59(e) should be granted to correct a clear error of law or to prevent manifest injustice.

3

Patterson also argues that the Court failed to provide him with assistance in the discovery process and allowed Defendant West to "provide a limited narrative." (ECF No. 66, at 2, 4.) The record reflects that is not true. Rather, as the Court explained in the December 1, 2025, Memorandum Opinion:

> On December 18, 2024, West filed a motion for summary judgment. (ECF No. 22.) For the next five months Patterson attempted to engage in discovery and sought the Court's involvement. However, Patterson's various requests and motions failed to comply with the Local Rules and Patterson failed to seek discovery on an informal basis prior to involving the Court. (*See* ECF No. 33.) By Memorandum Order entered on May 1, 2025, the Court denied Patterson's motion to compel, but found that under Federal Rule of Civil Procedure 56(d), "summary judgment [was] premature, because Patterson ha[d] adequately alleged that more discovery is necessary to respond to Defendant West's Motion for Summary Judgment." (ECF No. 44, at 5.) The Court denied the motion for summary judgment without prejudice to allow Patterson more time for discovery. (*Id.* at 5.) The Court specifically warned Patterson of the parameters of the discovery he could seek. (*Id.* at 5–6.)
>
> Despite the Court's warning, Patterson continued to file discovery motions with the Court that failed to comply with the Local Rules, misrepresented that West had failed to respond to his discovery requests when she had done so, and sought to have either the Court or West pay for his discovery. (ECF No. 52, at 3–4.) The discovery period closed on July 30, 2025, (*see* ECF No. 45, at 2), and West filed her motion for summary judgment on August 6, 2025.

*Patterson*, 2025 WL 3443464, at *2. The Court did not appoint Patterson counsel because the action presented no complex issues or exceptional circumstances and Patterson was competent to represent himself. (*See, e.g.*, ECF No. 44, at 6.) However, the Court was more generous in discovery matters because Patterson was a *pro se* party. Patterson inundated the Court with discovery-related motions and the Court repeatedly explained to Patterson the problems with his requests and how to correct those deficiencies. (*See, e.g.*, ECF No. 44, at 5–6; ECF No. 52, at 2–6; ECF No. 55, at 1.) Patterson fails to identify a clear error of law in the Court's conclusions or that the Court should vacate the judgment to prevent manifest injustice.

4

Finally, Patterson's lengthy "Conclusion" identifies no error in the Court's decision that his retaliation claim lacked merit. Instead, Patterson vents about how unfair it is that the Virginia Parole Board continues to deny him parole.

In sum, because Patterson fails to identify any clear error of law in the Court's conclusions or any other ground for relief under Rule 59(e), his Rule 59(e) Motion, (ECF No. 66), will be DENIED.

An appropriate Final Order shall issue.

Date: 2 June 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

5